UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSHUA LYNN CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No.    3:17-CV-158-TWP-CCS |
| | ) | |
| SHERIFF BERRONG, CAPTAIN ADAMS, | ) | |
| and CHIEF CANTRELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pro se prisoner, Joshua Lynn Carr ("Plaintiff") initiated this action on April 24, 2017 when

he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to

proceed *in forma pauperis* [Doc. 1].  On July 19, 2017, the Court entered an Order advising

Plaintiff that his motion for leave to proceed *in forma pauperis* was deficient, as it was not

accompanied by a certified copy of his inmate trust account for the previous six-month period

[Doc. 3 (citing 28 U.S.C. § 1915(a)(2))].  The Court advised Plaintiff that he "shall . . . pay the full

filing fee or . . . submit the required documents" within thirty days from the date of the Court's

Order [*Id*.].  The Court forewarned Plaintiff that, "if he fail[ed] to fully comply with this Order

within the time required, the Court shall presume that Plaintiff is not a pauper, shall assess the full

amount of fees, and shall order the case dismissed for want of prosecution" *See* Fed. R. Civ. P.

41(b)." [*Id*.].

The Order was first mailed to Plaintiff at the address listed on his application for *in forma*

*pauperis* status – that is, the Blount County Detention Center [*See* Doc. 1 p. 1].  That copy of the

Court's Order was returned as "Undeliverable" indicating that Plaintiff was no longer at that facility [Doc. 4]. However, because Plaintiff also provided his permanent home address to the Court in his Complaint, the Clerk sent a second copy of the Court's Order to Plaintiff, this time to his home address, on September 28, 2017. [*See* unnumbered docket entry dated September 28, 2017]. That Order has not been returned to the Court.

More than 30 days have now passed, and Plaintiff has not filed any response to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Specifically, the Order sent to Plaintiff's home address was not returned to the Court. Plaintiff's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the

Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13).  Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently.  *See* E.D. Tenn. L.R. 83.13.  Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, because the record reflects that the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's Order [Doc. 3 p. 2].

Finally, the Court finds that alternative sanctions would not be effective.  Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine.  The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance.

The Court concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action.  Thus, this case will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

_s/ Thomas W. Phillips_____
Senior United States District Judge